1 | CUNEO GILBERT & LADUCA LLP
JON TOSTRUD (SB No. 199502)
2 | 1901 Avenue of the Stars, 2nd Floor
Los Angeles, CA 90067
3 | Telephone: (310) 461-1620

4 | GREENFIELD & GOODMAN, LLC
RICHARD D. GREENFIELD (Admitted *Pro Hac Vice*)
5 | ILENE FREIER BROOKLER (SB No. 269422)
250 Hudson Street 8th Floor
6 | New York, NY 10013
Telephone: (917) 495-4446
7 | Facsimile: (212) 355-9592
Email: whitehatrdg@earthlink.net
8
*Attorneys for Plaintiffs Buttonwood Tree Value Partners, LP*
9 | *and John Sorrells*

10 | (Additional Counsel Appear on Signature Page)



FILED
SEP 30 2011
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

11 | UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
12 | SANTA ANA DIVISION

13
14 | BUTTONWOOD TREE VALUE PARTNERS, LP and JOHN SORRELLS on Behalf of Themselves
15 | and all Others Similarly Situated,

16 | Plaintiffs,

17 | vs.

18 | JACK A. SWEENEY, et al

19 | Defendants.

SACV10-

Case No. ~~10-cv-~~00537-CJC-MLG ✗

[~~PROPOSED~~] AMENDED PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

20

21 | **GOOD CAUSE STATEMENT**

22 |     The Parties, and certain non-party subpoena recipients, including the Federal

23 | Deposit Insurance Corporation, as Receiver for First Regional Bank ("FDIC-R") in

24 | the above-captioned action believe that disclosure and discovery in this action will

25 | involve production of sensitive and confidential information for which special

26 | protection from public disclosure and from use for any purpose other than

27 | prosecuting this Litigation may be warranted. The undersigned parties have taken

28 | reasonable efforts to protect this sensitive information from disclosure pursuant to

the Court's Order of April 18, 2011 and otherwise, and believe that there is good cause pursuant to Fed. R. Civ. P. 26(c) to warrant the continued protection of this information from dissemination to the public at large. Such information will likely include documents created pursuant to federal and state regulatory examinations and investigations of First Regional Bank ("the Bank"), and financial and personal information of obligors, obligees, and customers of the Bank.

Although the Parties previously entered into a "Confidentiality Stipulation and Protective Order" that was approved by the Court on April 18, 2011, certain non-party subpoena recipients, including FDIC-R, believe that additional protections are warranted due to the nature of confidential information that may be disclosed in discovery. The Parties do not oppose the entry of a superseding protective order containing further confidentiality protections requested by FDIC-R and/or other subpoena recipients.

FDIC-R contends that discovery in this action will involve the disclosure of confidential information contained in Reports of Examination ("ROEs") and other official reports created in the course of, or in response to, official regulatory examinations and investigations of the Bank. The information contained in the ROEs and corresponding reports and communications between the FDIC and the Bank concerning the examinations or investigations of the Bank are granted specific protections from public disclosure under FDIC Rules and Regulations.

FDIC-R further contends that discovery in this action will also likely involve disclosure of confidential information contained in reports and communications pursuant to examinations and investigations by the California Department of Financial Institutions ("CDFI"). The California Public Records Act (the "CA PRA") exempts documents from public disclosure where such disclosure is prohibited by express provisions of law. CA PRA, §6253(b). The CA PRA specifically exempts from public disclosure information contained in:

(1) applications filed with any state agency responsible for the regulation or

supervision of the issuance of securities or of financial institutions;

(2) examination, operating, or condition reports prepared by, on behalf of, or for the use of, any state agency referred to in paragraph (1);

(3) preliminary drafts, notes, or interagency or intra-agency communications prepared by, on behalf of, or for the use of, any state agency referred to in paragraph (1); and

(4) information received in confidence by any state agency referred to in paragraph (1).

CA PRA, §6254(d).

FDIC-R contends discovery in this action will also likely involve the disclosure of financial information and personal identifying information from the receivership files of the Bank's customers prior to the Bank's seizure by the FDIC. FDIC-R also believes that public disclosure of such information is prohibited without the consent of the individual whose information is disclosed, by The Privacy Act of 1974, 5 U.S.C. §552a.

FDIC-R further believes good cause exists to prevent disclosure to the public at large, financial information and personal identifying information of the Bank's customers pursuant to the Information Privacy Provisions of the Gramm-Leach-Bliley Act, 15 U.S.C. §6801, and California Financial Code, §§4050-60. Documents containing information protected by the above provisions may include loan files, loan applications, financial statements, income tax returns, and internal bank records containing taxpayer information, account numbers, account statements, transaction records and other personal identifying information.

The Parties acknowledge that this Stipulated Protective Order (the "Order") does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords extends only to the information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge that this Order creates no entitlement to file confidential information under seal, and good cause must be shown in any motion to file confidential information under seal.

Good cause exists to enter this Order to protect the above-referenced information from public disclosure, pursuant to FDIC Rules and Regulations, the laws of the State of California, and other federal or state laws. Accordingly, pursuant to Fed. R. Civ. P. 26(c),

IT IS HEREBY ORDERED that all documents or information that were previously produced in connection with this Litigation under the terms of the "Confidentiality Stipulation and Protective Order" that was approved by the Court on April 18, 2011, or that are produced subsequent to the date of entry of this Order designated as Confidential Information, shall be subject to the terms and provisions set forth:

## GENERAL PROVISIONS

1. <u>Definitions</u>

a. "Challenging Party" means a Party or Non-Party that challenges the designation of information or items under this Order.

b. "Confidential Information" means (regardless of how it is generated, stored, or maintained), materials, documents or items supplied in any form containing non-public information that qualifies for protection under Fed. R. Civ. P. 26(c); FDIC Rules and Regulations, 12 C.F.R. §308-10, FDIC–30–64–0013(16) (2009); Privacy Act, 5 U.S.C. §552a; California Public Record Act, §6254(d); Gramm-Leach-Bliley Act, 15 U.S.C.. §6801, and California Financial Code, §§4050-60.

c. "Counsel" means Counsel for Plaintiffs or Defendants in this Litigation.

d. "Designating Party" means a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential Information."

e. "Disclosure Material" or "Discovery Material" means all items or

information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

f. "Litigation" means the case *Buttonwood Tree Value Partners, LP et al. v. Jack A. Sweeney et al.*, No. 10-cv-00537, currently pending in the U.S. District Court for the Central District of California.

g. "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

h. "Party" means any Party to this action, including all of its officers, directors, employees, consultants, and representatives.

i. "Producing Party" means a Party or Non-Party that produces Disclosure or Discovery Material in this action.

j. "Receiving Party" means a Party that receives Disclosure or Discovery Material from a Producing Party.

2. <u>Scope of Application of Order</u>: The protections conferred by this Order cover not only Confidential Information (as defined above), but also (i) any information copied or directly extracted from Confidential Information; (ii) all excerpts, summaries, or compilations of Confidential Information; and (iii) any testimony or information contained in pleadings, briefs or other documents filed with the Court in the Litigation for purposes of discovery by any Producing Party or their Counsel that might reveal Confidential Information.

## DESIGNATING CONFIDENTIAL INFORMATION

3. <u>Designating Discovery Material</u>: Any Party or Non-Party responding to a subpoena in this Litigation may designate Discovery Material as Confidential Information. Confidential Information in documents or discovery responses shall be designated as such by marking the appropriate pages or sections thereof with a

label reading "Confidential Information – Subject to Protective Order." The parties are hereby authorized to produce information subject to the various federal rules and regulations, the laws of the State of California, and other federal and state laws referenced in this order, provided that any such information is designated as "Confidential Information – Subject to Protective Order" by the producing party in accordance with the terms of this Order. Disclosures, pleadings, motions, affidavits, briefs, exhibits, and other papers which contain or make specific reference to Confidential Information and are filed with the Court shall comply with Paragraph 13 of this Order.

4. <u>Inadvertent Failure to Designate Information as Confidential Information</u>: A Producing Party's inadvertent failure to designate information as Confidential Information at the time of disclosure may be remedied by the Producing Party or any other Party by giving written notice of the inadvertent failure to designate the information as Confidential Information to all other Parties. Once such a designation has been made, the relevant documents or materials shall be treated as Confidential Information in accordance with this Order as if they had been initially so designated. If the Discovery Material that was inadvertently not designated had already been filed with the Court on the public record at the time of the later designation, the Producing Party that failed to make the designation shall move to seal the document or request other appropriate relief or withdraw the designation. The Parties shall make a good faith effort to ensure that any analyses, memoranda or notes that were generated based upon such newly designated Confidential Information are immediately treated as having been designated Confidential Information as appropriate.

5. <u>Objections to Confidentiality Designations</u>: If any Party in this Litigation objects to a confidentiality designation, or otherwise desires to have a confidentiality designation removed, the Challenging Party shall notify the Designating Party in writing, including a list of control numbers of the documents

challenged and a statement of the legal or factual basis for each objection. The Challenging Party shall promptly meet and confer in good faith with the Designating Party to attempt to resolve the dispute pursuant to, and in accordance with, the requirements of Local Rule 37. If the Designating Party and the Challenging Party are unable to settle their differences, then the Parties may seek to obtain a decision from the Court by filing a motion and joint stipulation pursuant to, and in accordance with, the procedures set forth in Local Rule 37.

6. <u>Designation of Deposition Transcripts and Exhibits as Confidential Information</u>: Information disclosed during a deposition may be designated in whole or in part as "Confidential Information." Any Party may indicate on the record at the deposition that the deposition testimony, deposition exhibits or deposition videotape are, in whole or in part, Confidential Information, or within 30 days after receipt of a final deposition transcript, notify opposing Counsel in writing that the deposition transcript consists of, or contains, Confidential Information and designate specific portions of the transcript as such. Confidential Information within deposition testimony may be designated by underlining the portions of the pages that contain Confidential Information, and all deposition transcripts that contain Confidential Information shall be so designated by marking on their front covers by the court reporter(s). Until expiration of the 30 day period, the entire deposition transcript, exhibits and videotape shall be treated as Confidential Information.

## USE OF CONFIDENTIAL INFORMATION

7. <u>Disclosure of Confidential Information</u>: Confidential Information shall not be disclosed to anyone except as provided in this Order. All documents, material or information in this Litigation that are designated Confidential Information may be used only for purposes of prosecuting, defending or settling this Litigation. Confidential Information shall not be used for any other purpose, including but not limited to, commercial, business, competitive or other purposes,

for any reason whatsoever, or in or for any other judicial or administrative proceedings, disputes or cases unrelated to the Litigation.

8. <u>Limitations on Disclosure of Confidential Information</u>: Except as otherwise provided in this Order, Confidential Information may only be disclosed to, or examined by, the following persons:

   a. Parties in this Litigation;

   b. Counsel including support staff of Counsel;

   c. Clerical personnel, Litigation personnel, and vendors who are acting under the direction of Counsel and who are necessary to assist such Counsel in this Litigation;

   d. Expert witnesses or consultants retained in connection with this Litigation by Counsel, but only for the purposes of prosecuting, defending or settling this Litigation;

   e. Witnesses during depositions, hearings, mediations, trial or other proceedings in this action;

   f. Stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in the Litigation;

   g. Magistrate Judges, Judges, clerks or other members or employees of any court of competent jurisdiction over proceedings in, or related to, this Litigation;

   h. Any insurer or indemnitor of any Defendant in this action; and

   i. Any other person agreed to in writing by the Parties.

9. <u>Non-Disclosure Certificate</u>: Before Counsel may disclose Confidential Information to witnesses, expert witnesses or consultants under Paragraph 8(d) and (e) (collectively, "Witnesses") or anyone else agreed to in writing under Paragraph 8(i) of this Order, Counsel shall obtain from the Witnesses an executed copy of the Acknowledgement and Agreement to Be Bound annexed hereto as Exhibit A.

Counsel who discloses Confidential Information shall provide each such Witness with a copy of this Order and shall retain the Witness' original executed Acknowledgement pending further order of the Court or for a one-year period following the final termination of the Litigation.

10. <u>Unauthorized Disclosure</u>: If Confidential Information is disclosed to any person other than in the manner authorized by this Order, the Party responsible for the disclosure shall, immediately upon learning of the disclosure, inform the Designating Party in writing of all pertinent facts relating to such disclosure, and make every reasonable effort to retrieve the designated material and prevent the occurrence of any further disclosure unauthorized by this Order.

11. <u>Copies</u>: All copies of any documents containing Confidential Information shall constitute and be treated as such as provided in this Order. Any person making, or causing to be made, copies of any documents containing Confidential Information shall make certain that each such copy bears the appropriate designation "Confidential Information – Subject to Protective Order" and that such copies are disclosed only as allowed in Paragraph 8 of this Order.

12. <u>Production for Inspection Purposes Only</u>: If a Producing Party intends to produce documents for inspection only, the Parties shall meet and confer on whether production by inspection is appropriate and on the procedures for designating Confidential Information.

13. <u>Confidential Information to Be Filed Under Seal</u>: If confidential material is included in any papers to be filed in Court, such papers may be accompanied by an application directed to the judge to whom the papers are directed, to file the papers—or the confidential portion thereof—under seal showing good cause for the under seal filing. In making any application to file Confidential Information under seal, the Parties to this Order shall comply with Local Rule 79-5 of the U.S. District Court for the Central District of California and any Standing Orders of this Court. If the Court grants an application to file Confidential Information under

seal, such Confidential Information shall be filed in sealed envelopes bearing the caption of this Litigation, the phrase "Confidential Information – Subject to Protective Order" and state in substantially the following form:

> THIS ENVELOPE IS SEALED PURSUANT TO ORDER OF THE COURT AND CONTAINS CONFIDENTIAL INFORMATION, AND IS NOT TO BE OPENED OR THE CONTENTS THEREOF TO BE DISPLAYED OR REVEALED BY ANYONE EXCEPT UPON ORDER OF THE COURT.

Pending the ruling on the application, the papers or portions thereof, subject to the sealing application, shall be lodged under seal. If either Party wishes to file a joint stipulation required by Local Rule 37 under seal, the Parties may file a stipulation or the Party seeking to have the information filed under seal may file an *ex parte* application, making a request to file the joint stipulation required by Local Rule 37 under seal. Such stipulation or *ex parte* application must set forth good cause as to why the joint stipulation required by Local Rule 37, or portions thereof, should be filed under seal.

    14. <u>Inadvertent Production</u>: Inadvertent production of information that a Producing Party later claims should not have been produced because it is subject to a claim of privilege from production ("Inadvertently Produced Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege or other legal ground for withholding production as to which a Producing Party would be entitled. The procedures for handling Inadvertent Production of Privileged Information shall be in accordance with Fed. R. Civ. P. 26(b)(5)(B), F.R.E. 502(b), and as follows:

> a. Upon discovery by a Producing Party (or upon receipt of notice from a Receiving Party) that a Producing Party may have produced Inadvertently Produced Privileged Information, the Producing Party, within 10 days of such discovery, may request the return of such information in writing by identifying the Inadvertently Produced

Privileged Information, and stating the basis for withholding such information from production.

b. After being notified, any Receiving Party must return, destroy or sequester the Inadvertently Produced Privileged Information and any copies he/she/it has, and sequester any work product incorporating, in whole or in part, the Inadvertently Produced Privileged Information, and must not use or disclose the information until the claim is resolved.

c. If a Receiving Party disputes the privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within 10 days of receipt of the request for the return of the Inadvertently Produced Privileged Information. The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within 10 days pursuant to, and in accordance with, the procedures set forth in Local Rule 37.

d. If the Parties are unable to settle their differences, they may formulate a joint stipulation and bring a motion to resolve the privilege dispute within 30 days of the Parties' good faith conference and in accordance with the procedures set forth in Local Rule 37 and paragraph 14(c) of this Order. If such a motion is made, the Party claiming the privilege shall have the burden of establishing the applicability of the privilege to the information at issue, and shall submit to the Court for *in camera* review a copy of the Inadvertently Produced Privileged Information in connection with the motion papers. The Producing Party must preserve the information until the claim is resolved.

15. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>:

If a Party is served with a subpoena or court order issued in any other litigation or judicial, administrative, or any other legal process that compels disclosure of any information or items designated in this action as Confidential Information, that Party shall, if so permitted by law or by the nature of the legal process, subpoena, or order at issue:

    a. Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order; and

    b. Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order is issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing herein shall be construed as requiring the Party from whom Confidential Information is being sought to challenge or appeal any Court order requiring production of Confidential Information protected by this Order, or to subject himself/herself/itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court, other than as provided in 15(a) or (b) above.

## MISCELLANEOUS PROVISIONS

16. <u>Other Discovery Objections</u>: Nothing contained in this Order shall affect the rights of the Parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it preclude any Party or Non-Party from seeking further relief or protective orders from the Court as may be appropriate and in accordance with the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the Central District of California. The

Parties to this Litigation reserve all rights to apply to the Court for any order modifying this Order, or seeking further protection against discovery or other use of Confidential Information or other information, documents, or transcripts.

17. <u>Notices and Time Periods</u>: All notices that this Order requires to be sent to a particular Party shall be sent via mail to counsel for that Party at the address listed in the signature block below or by email. For purposes of computing any period of time under this Order, the provisions of Rule 6 of the Federal Rules of Civil Procedure, and the Local Rules of the Court shall apply.

18. <u>No Admission</u>: Nothing contained in this Order shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be, subject to discovery or admissible as evidence in this Litigation or any other proceeding.

19. <u>Modification Permitted</u>: Nothing herein shall prejudice the right of the Parties to stipulate, subject to Court approval, to move to amend or modify this Order in the interests of justice.

20. <u>Duration</u>: The confidentiality obligations imposed by this Order shall remain in effect until the final disposition of this Litigation, or the commencement of trial, whichever is first, unless good cause is shown to the Court in advance of the trial to proceed otherwise. Final disposition shall be deemed to be the dismissal of all claims and defenses in this action, with or without prejudice.

21. <u>Final Disposition</u>: Within 60 days after the final disposition of this action, as defined in Paragraph 20, each Receiving Party must use commercially reasonable efforts to return all Confidential Information to the Producing Party or destroy such material, both at the Producing Party's expense. As used in this paragraph, "all Confidential Information" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Confidential Information. Written confirmation of such return or destruction shall be forwarded to Counsel for the Party from whom the Confidential Information

1 | was received. Notwithstanding this provision, (i) each Receiving Party may retain
2 | Confidential Information to the extent such retention is necessary to satisfy such
3 | Party's legal, regulatory or internal requirements, including internal document
4 | retention policies and procedures; and (ii) Counsel are entitled to retain an archival
5 | copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal
6 | memoranda, correspondence, deposition and trial exhibits, expert reports, attorney
7 | work product, and consultant and expert work product, even if such materials
8 | contain Confidential Information. Any such archival copies that contain or
9 | constitute Confidential Information remain subject to this Order as set forth in
10 | Paragraph 20.
11 | IT IS SO ORDERED.
12 | Dated: 7/30, 2011
13 |
   Hon. Marc L. Goldman
   UNITED STATES MAGISTRATE JUDGE