JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

BUTTONWOOD TREE VALUE PARTNERS, LP and JOHN SORRELLS, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

JACK A. SWEENEY, STEVEN J. SWEENEY, MARILYN J. SWEENEY GARY M. HORGAN, H. ANTHONY GARTSHORE, ELIZABETH THOMPSON, FRED M. EDWARDS, THOMAS MCCULLOUGH, RICHARD E. SCHREIBER, LAWRENCE J. SHERMAN,

*Defendants*.

Case No.: 8:10-cv-00537 CJC (MLGx)

**ORDER AND FINAL JUDGMENT**

This *Action* came on for hearing on July 21 2014 to determine the fairness of the proposed settlement (the "*Settlement*") presented to the Court on April 7, 2014 and the subject of this Court's Order Granting Preliminary Approval of Class Action Settlement, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Dkt No. 210). The issues having been duly heard and a decision having been duly reached,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

Except as otherwise defined herein, all capitalized and/or italicized terms used in this Order and Final Judgment shall have the same meanings as ascribed to them in the *Settlement Agreement* between *Plaintiffs* and *Defendants*.

1. The *District Court* has jurisdiction over the subject matter of the *Action* and over all parties to the *Action*, including all members of the *Class*.

2. By Order dated September 12, 2013 (Dkt. No. 200) (the "*Certification Order*"), the *District Court* certified this *Action* as a class action under Fed. R. Civ. P. 23(a) and 23(b)(1). The *Certification Order* defined the *Class* as: "all persons and entities who purchased or otherwise acquired FRB securities during the period of January 30, 2007 to January 29, 2010, inclusive…and were damaged thereby." The *Certification Order* excluded from the *Class* "Defendants herein, officers and directors of FRB and/or the Bank, members of their immediate families and the heirs, successors or assigns of any of the foregoing." The *Certification Order* included in the *Class* "[p]urchasers of FRB Shares, purchased directly or indirectly by and for FRB's 401(k), Employee Stock Ownership Plan ('ESOP') and other benefit plans, other than for the benefit of the foregoing individuals."

3. The *Certification Order* also appointed Buttonwood Tree Value Partners, LP and John Sorrells (the "*Plaintiffs*") as *Class* representatives, and Greenfield & Goodman, LLC and Cuneo, Gilbert and Laduca, LLP as *Class Counsel* pursuant to Fed. R. Civ. P. 23(g).

4. *Plaintiffs* have requested, as part of the *Settlement*, that the *Class* definition be amended to exclude from the *Class* former defendants and/or *First Regional* employees F. David Hare, Dorthea Montoya, Carolyn Zarro Nicholson and Ralph Downing, as well as any *Immediate Family Members*, and the heirs, successors and assigns of any of the foregoing individuals. *Defendants* have requested, as part of the *Settlement*, that the *Class* definition be amended to include any persons who subsequently acquired or have been transferred any of *Plaintiffs' Released Claims*.

5. The *District Court* finds good cause to amend the *Class* definition as requested by the *Parties*. The *Class* definition is hereby amended to define the *Class* as consisting of "all *Persons* and entities who purchased or otherwise acquired *First Regional* securities during the *Class Period* and were damaged or subsequently acquired or have been transferred any of *Plaintiffs' Released Claims*, except that, excluded from the *Class* are the *Excluded Persons*. Purchasers of *First Regional* shares, purchased directly or indirectly by and for the *Plans* or any other benefits plans, other than for the benefit of the *Excluded Persons*, are members of the *Class*." As used in the *Class* definition, the "*Class Period*" shall mean "the period from January 30, 2007 to January 29, 2010." "*Defendants*" shall mean Jack A. Sweeney, Steven J. Sweeney, Marilyn J. Sweeney, H. Anthony Gartshore, Gary M. Horgan, Elizabeth Thompson, Fred M. Edwards, Thomas E. McCullough, Richard Schreiber and Lawrence J. Sherman. The term "*Excluded Persons*" shall mean "the *Defendants* in the *Action*, F. David Hare, Dorthea Montoya, Carolyn Zarro Nicholson and Ralph Downing, and any *Immediate Family Members* and the heirs, *Successors* or assigns of any of the foregoing." The term "*Immediate Family Members*" shall mean "the parents, children, siblings and spouses of any of the *Defendants*." The term "*Successors*" shall mean "a *Person*'s estate, legal representatives, heirs, successors, or assigns, including successors or assigns that

result from corporate mergers or other structural changes." The term "*Plans*" means "the First Regional Bancorp Employee Stock Ownership Plan and the First Regional Bank 401(k) Plan, and all predecessor and successor plans, individually and collectively, and any trust created under such *Plans*." The term "*Persons*" means any "individual, partnership, corporation, governmental entity or any other form of entity or organization." The term "*First Regional*" shall refer to "First Regional Bancorp." "*Plaintiffs' Released Claims*" shall have the definition assigned to it in Section 12(a) below.

6. The Court finds, with respect to the amended *Class*, as it did with respect to the original *Class* in its *Certification Order*, that:

(a) The numerosity requirement of FED. R. CIV. P. 23(a)(1) is satisfied because the *Class* is so numerous that it is impractical to bring all *Class* members before the *District Court* individually.

(b) The commonality requirement of FED. R. CIV. P. 23(a)(2) is satisfied because the allegations of the *Class* present common questions of law or fact, including:

(i) Whether the *Defendants* violated §10(b) of the Securities Exchange Act and/or Rule 10b-5 promulgated thereunder; and

(ii) Whether the violations by the *Defendants* caused the *Plaintiffs* and members of the *Class* to suffer losses.

(c) The typicality requirement of FED. R. CIV. P. 23(a)(3) is satisfied because the claims of the *Plaintiffs* arise from the same alleged course of conduct that gives rise to the claims of the *Class*, and the *Plaintiffs'* claims are based on the same legal theory as those of the *Class*. The *Plaintiffs* allege that they and all members of the *Class* were purchasers of *First Regional Stock* during the *Class Period*. Under these circumstances, the claims asserted by the *Plaintiffs* are

sufficiently typical of the claims asserted by the *Class* as a whole to satisfy FED. R. CIV. P. 23(a)(3).

(d) The adequacy requirement of FED. R. CIV. P. 23(a)(4) is satisfied. The *District Court* finds that the *Plaintiffs* have no conflicting interests with absent members of the *Class*. Further, the *District Court* is satisfied that *Class Counsel* are qualified, experienced, and are have represented the *Class* effectively and to the best of their abilities.

(e) The requirements of FED. R. CIV. P. 23(b)(1) are also satisfied. Given the breadth of the *Class Period*, there is a risk that failure to certify the *Class* would leave future plaintiffs without relief and there is also a risk of inconsistent dispositions that might prejudice the *Defendants.* This case is appropriate for class certification under FED. R. CIV. P. 23 (b)(1).

(f) The *District Court* has also considered each of the elements required by FED. R. CIV. P. 23(g) in order to ensure that *Class Counsel* will, as they have done, fairly and adequately represent the interests of the *Class*. *Class Counsel* have done the work necessary to identify or investigate potential claims in the *Action*, to investigate the allegations made in the *Complaint*, including, reviewing publicly available information, reviewing documents and materials uncovered in their investigation, and representing the interests of the *Class* during the litigation. *Class Counsel* have substantial experience in handling class actions and claims of the type asserted in this *Action*. *Class Counsel* have also demonstrated extensive knowledge of the applicable law. The *District Court* concludes that *Class Counsel* have fairly and adequately represented the interests of the *Class*.

(g) The *Class* has received proper and adequate notice of the *Settlement Agreement*, the *Fairness Hearing*, *Class Counsel's* application for attorneys' fees and expenses, and the *Plan of Allocation*, such notice having been

given in accordance with the Order Granting Preliminary Approval of Class Action Settlement, Preliminarily Certifying a Class for Settlement Purposes, Approving Form and Manner of Class Notice, and Setting Date for Hearing on Final Approval of Settlement (Dkt. No. 210). Such notice included individual notice to all members of the *Class* who could be identified through reasonable efforts, as well as notice through a dedicated website on the internet, and provided valid, due, and sufficient notice of these proceedings and of the matters set forth in this Order, and included sufficient information regarding the procedure for the making of objections. Such notice fully satisfied the requirements of FED. R. CIV. P. 23, the requirements of due process, the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §§ 77z-1(a)(&), 78u-4(a)(7), and all other applicable laws.

7. The Court hereby re-appoints *Plaintiffs* as *Class* representatives as *Class Counsel* pursuant to Fed. R. Civ. P. 23(g), as it initially appointed them in its *Certification Order*.

8. The Court hereby approves the *Settlement Agreement* and orders that the *Settlement Agreement* shall be consummated and implemented in accordance with its terms and conditions.

9. Pursuant to FED. R. CIV. P. 23(e), the Court finds that the *Settlement* embodied in the *Settlement Agreement* is a fair, reasonable, and adequate settlement and compromise of the claims asserted in this *Action*. Specifically, the Court finds that:

(a) The *Settlement* was negotiated vigorously and at arms-length by counsel for the *Defendants*, on the one hand, and the *Plaintiffs* and *Class Counsel* on behalf of the *Class*, on the other hand;

(b) This *Action* settled after *Defendants* had answered the operative complaint in this matter;

(c) *Plaintiffs* and *Defendants* had sufficient information to evaluate the settlement value of the *Action*;

(d) If the *Settlement* had not been achieved, the *Parties* faced the expense, risk, and uncertainty of extended litigation;

(e) The amount of the *Settlement* is fair, reasonable, and adequate under all prevailing circumstances;

(f) At all times, the *Plaintiffs* acted independently of *Defendants* and in the interest of the *Class*; and

10. The *Plan of Allocation* is approved as a fair and reasonable plan to restore losses incurred by *Class* members in connection with their purchases of FRB securities during the *Class Period*, and the designated *Settlement Administrator* is directed to administer the *Plan of Allocation* in accordance with its terms and provisions.

11. The *Action* is hereby dismissed with prejudice, each party to bear his, her, or its own costs and attorneys' fees, except to the extent that *Class Counsel* are awarded attorneys' fees and costs from the *Settlement Fund* as provided more fully herein.

12. Upon the *Effective Date*, the following *Claims* are released by operation of this *Final Judgment*, as set forth in Section 3 of the *Settlement Agreement*:

(a) <u>*The Releases of Plaintiffs and the Other Members of the Class*</u>. The *Plaintiffs* and the other members of the *Class*, on their own behalf and on behalf of their respective family members, heirs, executors, trustees, personal representatives, trusts, estates or administrators, attorneys, counselors, insurers, reinsurers, financial or investment advisors, consultants, advisors, representatives, agents and *Successors*, shall and hereby do conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the *Plaintiffs'*

*Released Persons* from any and all *Plaintiffs' Released Claims*. For purposes of this Order and the Settlement Agreement, *Plaintiffs' Released Persons* is defined as (i) *First Regional* and *First Regional Bank* and their parents, affiliates, partners, subsidiaries, predecessors, *Successors*, assigns, and past or present directors, officers, employees, associates, controlling persons, attorneys, counselors, insurers, reinsurers, financial or investment advisors, consultants, advisors, representatives or agents, and (ii) (A) each of the *Defendants*, (B) any person, other than Deloitte & Touche LLP, formerly named as a defendant in any *Complaint* in the *Action* (including, without limitation, F. David Hare and Dorthea Montoya), (C) and each *Defendant* or former defendant's respective family members, heirs, executors, trustees, personal representatives, estates or administrators, attorneys, counselors, insurers, reinsurers, financial or investment advisors, consultants, advisors, representatives, agents and *Successors*. For purposes of this Order and the *Settlement Agreement*, *Plaintiffs' Released Claims* is defined as "any and all *Claims* of any nature whatsoever, whether individual, representative, or derivative, known or unknown, accrued or unaccrued, by or on behalf of the *Plaintiffs*, and each and every member of the *Class*, including their respective heirs, beneficiaries, executors, administrators, past and present partners, agents, attorneys, *Successors*, and assigns that were brought in the *Action* or arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the *Action*."

(b) Scope of Releases.

(i) Nothing in the *Settlement Agreement* shall release or discharge any *Claim* that has been or could be asserted directly or derivatively by any member of the *Class* under ERISA regarding the purchase of any FRB securities during the *Class Period*, as such claims were previously released as a consequence of the settlement entered into and approved by this Court in the

matter entitled *Harris et al. v. First Regional Bancorp, et al., District Court*, Case No. 10-cv-07164 (CJC) MLGx.

(ii) The release and discharge set forth in Sections 3.1 and 3.2 of the *Settlement Agreement* shall not include the release of any rights or duties of the *Parties* arising out of the *Settlement Agreement*, including the express warranties and covenants contained therein.

(iii) The Court finds that *Plaintiffs* and the *Class*, have waived any and all rights and benefits respectively conferred upon them by the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common laws of any other state, territory, or other jurisdiction. Section 1542 reads in pertinent part:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.**

The Court further finds that the foregoing waiver of the provisions of Section 1542 of the California Civil Code and all similar provisions of the statutory or common law of any other state, territory, or other jurisdiction was bargained for.

(c) Covenants Not to Sue.

(i) From and after the *Effective Date*, *Plaintiffs* and the *Class* are, without limitation, precluded, estopped, and forever barred from bringing or prosecuting any *Claim*, individual or derivative, released under Section 3 of the *Settlement Agreement* and Paragraph 12(a) above against any of *Plaintiffs' Released Persons*. The foregoing covenant and agreement shall be a complete

defense to any such *Claims* against any of *Plaintiffs' Released Persons* or the *Plans*.

13. *Plaintiffs' Released Persons* are by virtue of the *Settlement Agreement* hereby released and discharged from all *Claims* for contribution, whether direct or derivative, that have been or may hereafter be brought by any person or entity, whether arising under state, federal or common law as claims, cross-claims, counterclaims, or third-party claims, based upon, arising out of, relating to, or in connection with *Plaintiffs' Released Claims*. Accordingly, to the full extent provided by Section 21D(f)(7)(A) of the PSLRA, 15 U.S.C. § 78u-4(f)(7)(A), the *District Court* hereby bars all claims for contribution as well as claims for indemnity and other disguised claims for such relief as recognized in *In re Heritage Bond Litigation*, 546 F.3d 667 (9th Cir. 2008): (a) against *Plaintiffs' Released Persons*; and (b) by *Plaintiffs' Released Persons* against any person or entity other than any person or entity whose liability to the *Class* has been extinguished by the *Settlement Agreement*.

14. The terms of the *Settlement Agreement* and of this *Final Judgment* shall be forever binding on *Plaintiffs* and all members of the *Class* who did not validly opt out of the *Settlement* (regardless of whether or not any individual *Class* member submits a *Claim Form* or seeks or obtains a distribution from the *Settlement Fund*), and shall inure to the benefit of *Plaintiffs' Released Parties*. All *Persons* who opted out of the *Settlement* are listed on Exhibit 1 hereto and shall not be bound by the terms of the *Settlement Agreement* or this *Final Judgment*.

15. The *District Court* shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the *Settlement Agreement* or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the *Class Notice*, this *Final Judgment*, or the *Settlement Agreement* or the termination of the *Settlement*

*Agreement*. The *District Court* shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and reimbursements of expenses, submitted pursuant to the *Settlement Agreement*.

16. In the event that the *Settlement Agreement* is terminated in accordance with its terms, this *Final Judgment* shall be rendered null and void, *ab initio*, and shall be vacated *nunc pro tunc*, and this *Action* shall for all purposes with respect to the *Parties* revert to its status as of the day immediately before the *Agreement Execution Date*. The *Parties* shall be afforded a reasonable opportunity to negotiate a new case management schedule.

17. The *District Court* recognizes that *Defendants* have denied and continue to deny the claims of the *Plaintiffs* and the *Class*. Neither the *Settlement Agreement*, this *Final Judgment*, any act performed or document executed in furtherance of the *Settlement*, nor the fact of the *Settlement* shall be used be used or construed as an admission, concession, or declaration of the *Defendants*, or any other person, of any finding of fiduciary status, fault, omission, mistake, or liability, nor shall be offered as evidence of any liability in this *Action* or any other proceeding.

IT IS SO ORDERED.

DATED: July 21, 2014

HON. CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE